UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIVA AYYADURAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERRICK GARLAND,<br>Attorney General, et al.,<br><br>　　　　　Defendant. | Civil Action No. 23-2079 (LLA) |

**FEDERAL DEFENDANT'S MOTION TO DISMISS AND
MEMORANDUM IN SUPPORT**

　　Plaintiff Shiva Ayyadurai, proceeding *pro se*, brings this lawsuit against the Merrick Garland, in his official capacity as Attorney General of the United States ("Department of Justice"), and Gary Thompson, in his capacity as the Chair of the District of Columbia Board of Elections, which is not a federal entity. In the complaint, the foreign-born plaintiff requests that the Court declare: (1) he is eligible to run for president notwithstanding the "natural born citizen" clause of Article 2, section 1 of the U.S. Constitution; or in the alternative, (2) that "the qualification of President is a non-justiciable political issue to be determined by the voters." Compl. ¶ 1 (ECF No. 1). Plaintiff also asks the Court to order the Department of Justice to issue directives to the States advising that they may not deny him access to the ballot based on any alleged lack of qualifications. Compl. (Prayer for Relief).

　　In response, the Department of Justice moves to dismiss the complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject-matter jurisdiction on the ground that Plaintiff lacks standing to sue.

**LEGAL STANDARD**

"Article III of the Constitution prescribes that '[f]ederal courts are courts of limited subject-matter jurisdiction' and 'ha[ve] the power to decide only those cases over which Congress grants jurisdiction.'" *Bronner v. Duggan*, 962 F.3d 596, 602 (D.C. Cir. 2020) (alterations in original) (quoting *Al-Zahrani v. Rodriguez*, 669 F.3d 315, 317 (D.C. Cir. 2012)); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994))). Federal courts therefore have an obligation to ensure that they do not exceed the scope of their jurisdiction. Absent subject-matter jurisdiction over a case, a court must dismiss it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506–07 (2006); Fed. R. Civ. P. 12(h)(3).

In response to a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In deciding a Rule 12(b)(1) motion, the court must "accept as true all of the factual allegations contained in the complaint" and draw all reasonable inferences in the plaintiff's favor. *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008). But a court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint or amount merely to legal conclusions. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Moreover, the court must scrutinize the plaintiff's allegations more closely when considering a motion to dismiss under Rule 12(b)(1) than it would under a motion to dismiss pursuant to Rule 12(b)(6). *See Macharia v. United States*, 334 F.3d 61, 64 (D.C. Cir. 2003). If the plaintiff is unable to demonstrate jurisdiction by a preponderance of the evidence, the Court must dismiss the action. *See Lujan*, 504 U.S. at 561.

The Article III requirement that a plaintiff has standing to sue is a necessary component of jurisdiction, limiting courts' authority to hear only "'Cases' and 'Controversies.'" *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). To establish standing, a plaintiff must satisfy three minimum requirements: (1) injury-in-fact, (2) causation, and (3) redressability. *Nat'l Ass'n of Home Builders v. EPA*, 667 F.3d 6, 11 (D.C. Cir. 2011). As the Supreme Court has explained:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical . . .
>
> Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.
>
> Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560–61 (cleaned up).  As shown below, Plaintiff does not have standing to bring this lawsuit.

## ARGUMENT

Because Plaintiff fails to establish that he has standing to sue the Department of Justice, the Court lacks jurisdiction over the complaint against the Department and should dismiss it under Rule 12(b)(1). Plaintiff has failed to identify any harm he is suffering traceable to the acts or omissions of the Department of Justice or explain how the requested injunctive relief—the Department of Justice providing an advisory opinion to States—would remedy any such harms. States and the District of Columbia generally run their own elections, not the Department of Justice, and Plaintiff has not shown that he followed any of the procedures to appear on the ballot in the District of Columbia. *See* District of Columbia's Mot. to Dismiss, ECF No. 11 at 7-8.

More generally, Plaintiff has also failed to identify any injury whatsoever on which to base a claim against the Department of Justice. The only allegation in his complaint is a self-declaration

of himself being a candidate for the presidency. Compl. ¶ 15. As such, he "alleges virtually nothing in support of this ostensible intention to run for office and thus the likelihood that he might ever actually be impacted by the constitutional provision in question." *Hassan v. United State*s, 441 F. App'x 10, 11 (2d Cir. 2011). Plaintiff does not even allege that the other defendant in this case, the District of Columbia, has barred him from the ballot. *See generally* Compl. Therefore, Plaintiff cannot demonstrate that he has suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560–61. In the absence of an ongoing case or controversy, Plaintiff lacks standing to bring him claims against the Department of Justice and the Court should dismiss them under Rule 12(b)(1).

## CONCLUSION

For all of these reasons, the Court should dismiss this case for a lack of jurisdiction under Rule 12(b)(1).

| | |
|---|---|
| Dated: February 20, 2024<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:     */s/ Christina O'Tousa*<br>CHRISTINA O'TOUSA, D.C. Bar #241667<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2437<br>christina.o'tousa@usdoj.gov<br><br>*Attorneys for the United States of America* |